# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2208

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Sven Ehand, also known as | * | |
| Mika Jakonen, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 28, 2010
Filed: February 11, 2011

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Sven Ehand pled guilty to possessing fifteen or more counterfeit access devices, a violation of 18 U.S.C. §§ 1029(a)(3), 2. The district court[1] imposed a prison sentence of 12 months and 1 day, the lower end of the advisory guidelines range. On

_____

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

appeal, Ehand's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), raising an ineffective-assistance claim.[2]

We decline to consider the ineffective-assistance claim on direct appeal. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998) (an ineffective-assistance claim should be raised in a 28 U.S.C. § 2255 petition). Furthermore, we conclude that the district court committed no procedural error and imposed a substantively reasonable sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (in reviewing a sentence, an appellate court first ensures that the district court committed no significant procedural error and then considers the substantive reasonableness of the sentence under an abuse-of-discretion standard); *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005) (describing abuse of discretion).

Having reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

_____

_____

[2] After the *Anders* brief was filed, Ehand retained new counsel, who filed an appearance on his behalf on January 3, 2011. Ehand's original appellate counsel filed a motion to withdraw, which was granted on January 4, 2011. Ehand's newly retained counsel has not requested leave to file a supplemental brief.